| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In Re:<br><br>Joseph A. Coliskey,<br>　　　　　　　Debtor. | |

Order Filed on March 20, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| Case No.: | 16-18777 |
| Chapter: | 13 |
| Judge: | Michael B. Kaplan |

# ORDER DENYING MOTION TO
# DETERMINE MORTGAGE FEES AND EXPENSES

The relief set forth on the following pages is **ORDERED**.

**DATED: March 20, 2025**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors: Joseph A. Coliskey
Case No. 16-18777 (MBK)
Caption of Order: Order Denying Motion to Determine Mortgage Fees and Expenses

      This matter comes before the Court on a Motion to Determine Mortgage Fees and Expenses ("Motion", ECF No. 63) filed by debtor, Joseph A. Coliskey ("Debtor"), in the above-captioned proceeding, seeking that the case be reopened and requesting an explanation regarding secured creditor, Legacy Mortgage Asset Trust 2021-Gs1's ("Legacy Mortgage"), claim of an escrow shortage in the Debtor's mortgage account. Legacy Mortgage opposes the Motion (ECF No. 65 and 68). The Court has read all the submissions.

      Debtor asserts that there is no shortage in his mortgage account. In response, Legacy Mortgage asserts that loan servicer, Select Portfolio Servicing, Inc. ("SPS"), performed a review and analysis of Debtor's escrow account on January 12, 2024, and determined that there was no escrow shortage, but rather, an escrow overage. After determining that certain escrow payments received were not fully reflected in the escrow balance, an adjustment was made to Debtor's escrow account, the escrow overage was confirmed, and an escrow refund was issued to Debtor. Therefore, Legacy Mortgage submits, the Debtor has been made whole, the Motion is now moot and should be denied.

      For the reasons set forth hereinafter, Debtor's Motion to Determine Mortgage Fees and Expenses is Denied.

      The Court lacks jurisdiction to hear the Debtor's Motion to Determine Mortgage Fees, ECF No. 63. Once "a bankruptcy case is closed, the bankruptcy court loses jurisdiction to resolve issues arising between parties to the bankruptcy." *Matter of Mattera*, 203 B.R. 565, 568 (Bankr. D.N.J. 1997). "[E]fforts to invoke bankruptcy jurisdiction after a case is closed . . . must be viewed . . . as improperly extending bankruptcy jurisdiction beyond its intended scope." *In re Ford*, 188 B.R. 523, 525 (Bankr. E.D. Pa. 1995). *See also Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994) ("where a bankruptcy case is closed and the estate no longer exists, and where plaintiff does

Debtors: Joseph A. Coliskey
Case No. 16-18777 (MBK)
Caption of Order: Order Denying Motion to Determine Mortgage Fees and Expenses

not seek to have the bankruptcy case opened for cause pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the court is without jurisdiction to entertain any proceedings"). In the case before the Court, the Chapter 13 Trustee filed a Final Report on August 24, 2021, and the Court closed the bankruptcy case on September 28, 2021. *See* ECF Nos. 54 and 60. Although a case may be reopened to administer assets, to accord relief to the debtor, or for other cause pursuant to 11 U.S.C. § 350; in the case at hand, the Debtor has not filed a motion to reopen the bankruptcy case. Nor does any cause exist, as the Chapter 13 Trustee has filed his Final Report and the bankruptcy estate has been fully administered. Furthermore, the secured creditor has filed opposition to the Motion asserting that an escrow refund was issued to the Debtor, and it appears as though the relief requested by the Debtor—as written in the proposed order submitted with the Motion—has been granted. Based on the foregoing, this case is now closed and the Court lacks jurisdiction with which to hear the Debtor's motion.

For the foregoing reasons, and for good cause,

**IT IS HEREBY ORDERED** that the Debtor's Motion to Determine Mortgage Fees and Expenses (ECF No. 63) is DENIED.