| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | Order Filed on March 20, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Joseph A. Coliskey,<br>                    Debtor. | Case No.:            16-18777<br><br>Chapter:              13<br><br>Judge:                Michael B. Kaplan |

# ORDER DENYING MOTION TO
# DETERMINE MORTGAGE FEES AND EXPENSES

The relief set forth on the following pages is **ORDERED**.

**DATED: March 20, 2025**

*Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtors: Joseph A. Coliskey
Case No. 16-18777 (MBK)
Caption of Order: Order Denying Motion to Determine Mortgage Fees and Expenses

This matter comes before the Court on a Motion to Determine Mortgage Fees and Expenses ("Motion", ECF No. 63) filed by debtor, Joseph A. Coliskey ("Debtor"), in the above-captioned proceeding, seeking that the case be reopened and requesting an explanation regarding secured creditor, Legacy Mortgage Asset Trust 2021-Gs1's ("Legacy Mortgage"), claim of an escrow shortage in the Debtor's mortgage account. Legacy Mortgage opposes the Motion (ECF No. 65 and 68). The Court has read all the submissions.

Debtor asserts that there is no shortage in his mortgage account. In response, Legacy Mortgage asserts that loan servicer, Select Portfolio Servicing, Inc. ("SPS"), performed a review and analysis of Debtor's escrow account on January 12, 2024, and determined that there was no escrow shortage, but rather, an escrow overage. After determining that certain escrow payments received were not fully reflected in the escrow balance, an adjustment was made to Debtor's escrow account, the escrow overage was confirmed, and an escrow refund was issued to Debtor. Therefore, Legacy Mortgage submits, the Debtor has been made whole, the Motion is now moot and should be denied.

For the reasons set forth hereinafter, Debtor's Motion to Determine Mortgage Fees and Expenses is Denied.

The Court lacks jurisdiction to hear the Debtor's Motion to Determine Mortgage Fees, ECF No. 63. Once "a bankruptcy case is closed, the bankruptcy court loses jurisdiction to resolve issues arising between parties to the bankruptcy." *Matter of Mattera*, 203 B.R. 565, 568 (Bankr. D.N.J. 1997). "[E]fforts to invoke bankruptcy jurisdiction after a case is closed . . . must be viewed . . . as improperly extending bankruptcy jurisdiction beyond its intended scope." *In re Ford*, 188 B.R. 523, 525 (Bankr. E.D. Pa. 1995). *See also Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994) ("where a bankruptcy case is closed and the estate no longer exists, and where plaintiff does

Debtors: Joseph A. Coliskey
Case No. 16-18777 (MBK)
Caption of Order: Order Denying Motion to Determine Mortgage Fees and Expenses

not seek to have the bankruptcy case opened for cause pursuant to 11 U.S.C. § 350(b) and Bankruptcy Rule 5010, the court is without jurisdiction to entertain any proceedings"). In the case before the Court, the Chapter 13 Trustee filed a Final Report on August 24, 2021, and the Court closed the bankruptcy case on September 28, 2021. *See* ECF Nos. 54 and 60. Although a case may be reopened to administer assets, to accord relief to the debtor, or for other cause pursuant to 11 U.S.C. § 350; in the case at hand, the Debtor has not filed a motion to reopen the bankruptcy case. Nor does any cause exist, as the Chapter 13 Trustee has filed his Final Report and the bankruptcy estate has been fully administered. Furthermore, the secured creditor has filed opposition to the Motion asserting that an escrow refund was issued to the Debtor, and it appears as though the relief requested by the Debtor—as written in the proposed order submitted with the Motion—has been granted. Based on the foregoing, this case is now closed and the Court lacks jurisdiction with which to hear the Debtor's motion.

For the foregoing reasons, and for good cause,

**IT IS HEREBY ORDERED** that the Debtor's Motion to Determine Mortgage Fees and Expenses (ECF No. 63) is DENIED.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                                  Case No. 16-18777-MBK
Joseph A. Coliskey                                                                          Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-3                                    User: admin                                              Page 1 of 2
Date Rcvd: Mar 20, 2025                         Form ID: pdf903                                   Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol      Definition**
+                    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 22, 2025:**

**Recip ID            Recipient Name and Address**
db                   + Joseph A. Coliskey, 73 West Shenendoah Road, Howell, NJ 07731-9022

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 22, 2025                              Signature:           /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 20, 2025 at the address(es) listed below:

**Name**                                     **Email Address**
Albert Russo
                                                      docs@russotrustee.com

Albert Russo
                                                      on behalf of Trustee Albert Russo docs@russotrustee.com

Aleisha Candace Jennings
                                                      on behalf of Creditor MTGLQ INVESTORS  L.P. ajennings@hillwallack.com

Andrew M. Lubin
                                                      on behalf of Creditor Legacy Mortgage Asset Trust 2021-GS1 nj-ecfmail@mwc-law.com  alubin@milsteadlaw.com

Andrew M. Lubin
                                                      on behalf of Creditor ABS REO Trust VI nj-ecfmail@mwc-law.com  alubin@milsteadlaw.com

Denise E. Carlon
                                                      on behalf of Creditor MTGLQ INVESTORS  L.P. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

District/off: 0312-3 User: admin Page 2 of 2
Date Rcvd: Mar 20, 2025 Form ID: pdf903 Total Noticed: 1

George E Veitengruber, III
    on behalf of Debtor Joseph A. Coliskey bankruptcy@veitengruberlaw.com knapolitano15@gmail.com

Karena Straub
    on behalf of Creditor Legacy Mortgage Asset Trust 2021-GS1 kstraub@hinshawlaw.com slandon@hinshawlaw.com

Karena Straub
    on behalf of Creditor SELECT PORTFOLIO SERVICING INC., kstraub@hinshawlaw.com, slandon@hinshawlaw.com

Melissa N. Licker
    on behalf of Creditor ABS REO Trust VI mlicker@hinshawlaw.com

Phillip Andrew Raymond
    on behalf of Creditor ABS REO Trust VI as serviced by Select Portfolio Servicing Inc. phillip.raymond@mccalla.com, mccallaecf@ecf.courtdrive.com

Roger Fay
    on behalf of Creditor Legacy Mortgage Asset Trust 2021-GS1 rfay@alaw.net bkecf@milsteadlaw.com

Tammy L. Terrell
    on behalf of Creditor SHELLPOINT MORTGAGE SERVICING as servicer for MTGLQ INVESTORS, L.P. bankruptcy@fskslaw.com

William M.E. Powers, III
    on behalf of Creditor Bank of America N.A. ecf@powerskirn.com

TOTAL: 14